UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. AHMED GHANIM,

     Plaintiff,

vs.

WORLDWIDE ENTERTAINMENT
ROMT, LLC, d/b/a ROYAL OAK
MUSIC THEATER,

     Defendant.

Case No.   24-13086

Hon.

---

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Samuel R. Simkins (P81210)
Attorneys for Plaintiff
888 W. Big Beaver, Ste. 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
sam@akeelvalentine.com

---

## **COMPLAINT**

**NOW COMES** Plaintiff, DR. AHMED GHANIM, by and through, his undersigned counsel, Akeel & Valentine, PLC, and for his complaint against Defendant, WORLDWIDE ENTERTAINMENT ROMT, LLC, d/b/a ROYAL OAK MUSIC THEATER, states as follows:

1

## JURISDICTIONAL ALLEGATIONS

1.    Plaintiff, Dr. Ahmed Ghanim, is a resident of the State of Michigan.

2.    Defendant, Worldwide Entertainment ROMT, LLC d/b/a Royal Oak Music Theater ("ROMT" or the "Venue"), is a Michigan limited liability company, with its registered office in the County of Oakland, State of Michigan.

3.    This instant action arises under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a), the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2101, *et seq*., and the common law of the State of Michigan.

4.    This Honorable Court has jurisdiction over Plaintiff's Title II claim pursuant to 28 U.S.C. § 1331 based on federal questions jurisdiction.

5.    This Honorable Court has supplemental jurisdiction over Plaintiff's claims under Michigan law pursuant to 28 U.S.C. § 1367(a) because they are inextricably intertwined with the federal claims and arise out of the same nucleus of operative facts.

6.    Venue is proper in this Honorable Court as Defendants conduct business within the Eastern District of Michigan, they are subject to personal jurisdiction within the Eastern District of Michigan, and a substantial part of the events giving rise to the claims alleged occurred in the Eastern District of Michigan. *See* 29 U.S.C. § 1391(b).

### FACTUAL ALLEGATIONS

7.     Plaintiff repeats and re-alleges the foregoing paragraphs, as though fully set forth herein.

8.     Plaintiff, Dr. Ahmed Ghanim, widely known as "A.G.," is an Egyptian-born writer, poet, and community leader who immigrated to the United States after earning his medical degree in Cairo, Egypt.

9.     Dr. Ghanim is currently working in medical administration at one of the largest universities in the United States and is pursuing a Master's in Sleep Medicine from Oxford University, blending his expertise in healthcare with his passion for public service.

10.    Dr. Ghanim is also an active leader in the Michigan Muslim community.

11.    His commitment to social justice, diversity, and civil rights has fueled his advocacy for workplace ethics and the protection of civil liberties across nations.

12.    In 2005, he founded *American Muslim FRESH*, a groundbreaking magazine promoting diversity and inclusion, and later launched *GoodCast.net*, the first on-demand TV platform dedicated to serving the American Muslim community.

13.    Dr. Ghanim has been an active voice for change and a prominent figure in community activism. When the Egyptian Revolution began, he traveled to Egypt, reporting directly from Tahrir Square. His involvement and insights led to an

invitation from Princeton University to share his experiences during the revolution. He also contributed to a book published by Princeton on the role of social media in the Egyptian Revolution. Following the fall of the Mubarak regime, he was the first to interview then-Secretary of State Hillary Clinton on the unfolding events in Egypt.

14.     As co-founder of the Metro Detroit Political Action Network, Dr. Ghanim is dedicated to building a more inclusive and diverse society, raising the voices of minorities and underrepresented communities in Michigan and across the nation.

15.     He is also a former candidate for Congressional District 11.

16.     As a candidate for Michigan's 11th Congressional District, Dr. Ghanim leveraged his medical, cultural, and political experience to champion healthcare reform, civil rights, and economic equity for his community under the campaign message, "*People First*."

17.     On October 21, 2024, Dr. Ghanim attended a rally for Vice President Kamala Harris at ROMT after receiving a confirmed invitation to the event.

18.     It was an event where Vice President Harris would be joined by former United States Representative, Liz Cheney, and provided ROMT positive press as the venue that hosted a presidential candidate's discussion with a political-opponent turned-ally.

19.     Dr. Ghanim successfully cleared all security checkpoints, entered the Venue, and took his seat, prepared to listen to the Vice President's speech.

20.     While patiently waiting, Dr. Ghanim was approached by secret service and escorted him to the back of the Venue.

21.     Dr. Ghanim then video recorded part of his interaction, beginning with him saying, "*I'm going to leave but I want to know why you are kicking me out from the...*"

22.     Secret service then responded, "*I'm not kicking you out.  The venue is kicking you out.*"

23.     Dr. Ghanim was then informed by authorities present that if he did not leave, he would be arrested.

24.     The authorities cited the Venue's directive as the reason for his forced removal.

25.     Dr. Ghanim was left humiliated, confused, and distressed by the pretextual reason for his ejection from a public political event.

26.     After Dr. Ghanim was kicked out of Vice President Harris' event, her campaign issued a statement saying that it "*regrets this action and its impact on Dr. Ghanim and the community, and he is welcome at future events*."

27.     Dr. Ghanim, who is a Muslim, is racially Egyptian, and is ethnically Arab, was the only attendee to be removed from the event.

28.     Upon information and belief, Defendants took this action against Dr. Ghanim because of his religion, race, and/or ethnicity.

## COUNT I

### PUBLIC ACCOMMODATION DISCRIMINATION
### BASED ON RACE AND RELIGION
### IN VIOLATION OF TITLE II, 42 U.S.C. § 2000a

29.     Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

30.     Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a), provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination on the ground of race, color, religion, or national origin.

31.     Defendant ROMT is a place of public accommodation within the meaning of 42 U.S.C. § 2000a.

32.     Defendant, by its actions, denied Plaintiff equal access to its facilities and services due to his race and/or religion, in violation of Title II.

33.     Plaintiff was subjected to intentional discrimination because he is an Arab, of Egyptian race, and/or is a Muslim.

34.     Defendant discriminated against Plaintiff in violation of Title II by, among other things:

6

    a.  Subjecting Plaintiff, because of his race, religion, or ethnicity, to discrimination in denying service that he requested, and therefore denying him the ability to receive Defendant's continued services;

    b.  Depriving Plaintiff, because of his race, religion, or ethnicity, the same enjoyment of the benefits and services provided by the Venue, which was offered to other attendees;

    c.  Subjecting Plaintiff, because of his race, religion, or ethnicity, to embarrassment, humiliation, verbal and nonverbal harassment on its premises, which had the purpose and/or effect of denying Plaintiff full and equal access to the place of public accommodation to obtain further services available to the public by Defendant; and

    d.  Subjecting Plaintiff to severe emotional distress and anguish by not allowing Plaintiff to continue his stay at their location and depriving Plaintiff of service that he requested.

35.    Defendant was acting in furtherance of its business interests when it hosted Vice President Harris and former US Representative Cheney and invited the public to attend.

36.    Plaintiff reasonably fears that Defendant's discriminatory practices may continue in the future without court intervention.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor and against Defendant and to prohibit or enjoin Defendant from continuing to discriminate against individuals on the basis of their race, ethnicity, or religion, in addition to any other damages, including any allowed

punitive damages, plus costs, attorney fees, and any additional relief the court deems just and equitable.

## COUNT II

### DENIAL OF PUBLIC ACCOMMODATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL § 37.2101, *et seq.*

37.     Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully set herein.

38.     Plaintiff is a protected individual because of his race, religion, and/or ethnicity.

39.     Defendant ROMT is a place of public accommodation as defined in Michigan's Elliot-Larsen Civil Rights Act ("the Act"), M.C.L. § 37.2301.

40.     Plaintiff was denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation because of his race, religion, and/or ethnicity.

41.     Defendant violated this Act by engaging in conduct, which indicates that the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation will be refused, withheld from, and denied to Plaintiff, because of his race, religion, and/or ethnicity.

42.     Defendant violated this Act by engaging in conduct, which indicates that Plaintiff's patronage of or presence at a place of public accommodation is objectionable, unwelcome, unacceptable, or undesirable, because of his race, religion, and/or ethnicity.

43.     As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained damages, and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment against Defendant in the amount consistent with the damages sustained, plus costs and attorneys' fees wrongfully incurred to bring this action, in addition to any other damages, including punitive damages, plus any equitable relief the court deems just and equitable.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44.     Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

45.     Defendant's conduct as alleged above was extreme, outrageous, and utterly intolerable in a civilized society.

46.     Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

47.    Plaintiff was denied access to Defendant's services.

48.    As a result of Defendant's conduct described above, Plaintiff suffered, among other things, severe and serious emotional distress.

49.    Further, as a direct and proximate result of Defendant's intentional infliction of emotional distress, Plaintiff suffered injury and damage, including the following:

   a.  pain, suffering, and emotional distress;

   b.  injuries to his reputation;

   c.  humiliation, mortification, and embarrassment; and

   d.  other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

50.    As a direct and proximate result of Defendant's intentional and outrageous acts, Plaintiff has sustained damages, and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment against Defendant in the amount consistent with the damages sustained, plus costs and attorneys' fees wrongfully incurred to bring this action, in addition to any other damages, including punitive damages as provided by the applicable law.

Respectfully submitted,

**AKEEL & VALENTINE, PLC**

<u>SHEREEF H. AKEEL</u>
By: Shereef H. Akeel (P54345)
    Hasan Kaakarli (P81099)
    Samuel R. Simkins (P81210)
    Attorneys for Plaintiff
    888 West Big Beaver Road, Suite 350
    Troy, MI 48084
    (248) 269-9595

Dated: November 21, 2024

11

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. AHMED GHANIM,

      Plaintiff,

vs.

WORLDWIDE ENTERTAINMENT
ROMT, LLC, d/b/a ROYAL OAK
MUSIC THEATER,

      Defendant.

Case No.   24-13086

Hon.

---

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Samuel R. Simkins (P81210)
Attorneys for Plaintiff
888 W. Big Beaver, Ste. 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
sam@akeelvalentine.com

---

## **JURY DEMAND**

    **NOW COMES** Plaintiff, DR. AHMED GHANIM, by and through his

undersigned counsel, Akeel & Valentine, PLC, and hereby demands a Trial by Jury

of the above-referenced causes of action.

              Respectfully submitted,

              **AKEEL & VALENTINE, PLC**

12

<u>SHEREEF H. AKEEL</u>
By: Shereef H. Akeel (P54345)
    Hasan Kaakarli (P81099)
    Samuel R. Simkins (P81210)
    Attorneys for Plaintiff
    888 West Big Beaver Road, Suite 350
    Troy, MI 48084
    (248) 269-9595

Dated: November 21, 2024