UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. AHMED GHANIM,

    Plaintiff,

    v.

AEG PRESENTS MI, LLC, and
BIDEN FOR PRESIDENT
CAMPAIGN COMMITTEE, INC.
d/b/a HARRIS FOR PRESIDENT
and BFPCC, INC.,

    Defendants.

_____ /

Case No. 24-cv-13086

Hon. F. Kay Behm
United States District Judge

## OPINION AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 18, 20)

## I. PROCEDURAL HISTORY

This matter is before the court on Defendants' motions to dismiss. Plaintiff Dr. Ahmed Ghanim filed a second amended complaint against Defendants AEG Presents MI, LLC ("AEG") and Biden For President Campaign Committee, Inc. d/b/a Harris for President ("BFPCC") on April 17, 2025, alleging discrimination based on race and religion under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq*, the same under Michigan's Elliott–Larsen Civil Rights Act ("ELCRA"),

1

Mich. Comp. Laws. § 37.2301 *et seq*, and intentional infliction of

emotional distress.  ECF No. 17.  Both Defendants filed motions to

dismiss on May 1, 2025.  ECF No. 18 (BFPCC's motion to dismiss); ECF

No. 20 (AEG's motion to dismiss).  AEG alleges in its motion that

Plaintiff's complaint should be dismissed pursuant to Federal Rule of

Civil Procedure 12(b)(6) because Plaintiff failed to state a claim upon

which relief can be granted.  BFPCC alleges in its motion that

Plaintiff's complaint should be dismissed pursuant to Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6) because Plaintiff not only failed to

state a claim but also lacked standing to assert a claim for injunctive

relief under Title II (Plaintiff's only federal cause of action against both

BFPCC and AEG).  Plaintiff filed responses to both motions to dismiss

on June 5, 2025.  ECF Nos. 22 (Plaintiff's response to BFPCC's motion

to dismiss), 23 (Plaintiff's response to AEG's motion to dismiss).

Defendants filed their replies on June 20, 2025.  ECF Nos. 24 (AEG's

reply), 25 (BFPCC's reply).

For the reasons explained below, the court **GRANTS** the motions

as to Plaintiff's Title II claims for lack of standing and subject matter

jurisdiction, therefore lacks supplemental jurisdiction over his state law claims, and closes the case.

## II.    FACTUAL BACKGROUND

Plaintiff Dr. Ahmed Ghanim is an "Egyptian born writer" and an "active leader in the Michigan Muslim community."  ECF No. 17, PageID.118 at ¶¶ 9, 11.  Defendant BFPCC is "the committee managing the campaign to elect then–Vice President, Kamala Harris, as the 47th President of the United States of America and is incorporated and/or has its offices in the State of Delaware."  ECF No. 17, PageID.117 at ¶ 2.  BFPCC signed an Event License Agreement with Defendant AEG, the owner of the Royal Oak Music Theater ("ROMT"), to host a rally for then–Vice President Kamala Harris at the ROMT on October 21, 2024. ECF No. 17, PageID.121 at ¶ 25, 26.  According to the Event License Agreement, AEG would provide for BFPCC all personnel that it deemed necessary, including all guest services personnel and security, among others.  *Id.* at ¶ 27.  The agreement also stated that AEG retained the right to refuse admission to or eject "any reasonably objectionable person or persons, in its sole judgment."  *Id.* PageID.122 at ¶ 28.  *See also* Exhibit F to ECF No. 17.  BFPCC's event was an "invitation–only

event where Vice President Harris would be joined by former United
States Representative, Liz Cheney, and provided Defendants positive
press as the Venue [("the ROMT")] hosted a presidential candidate's
discussion with a political–opponent turned–ally in an effort to win the
Presidential election." *Id.* at ¶ 29.

Plaintiff alleges that on October 21, 2024, he attended a rally for
Vice President Kamala Harris at ROMT after receiving a confirmed
invitation to the event.  ECF No. 17, PageID.121 at ¶ 25.  He cleared all
security checkpoints, entered the theater, took his seat, and prepared to
listen to the then-Vice President's speech.  *Id.* PageID.122 at ¶ 30.  Soon
after waiting, agents from the secret service allegedly escorted Plaintiff
out of the ROMT.  *Id.* at ¶ 31.  When Plaintiff inquired about reasons
for his removal, security personnel, authorized representatives, agents,
and/or employees of the ROMT responded, "I'm not kicking you out. The
venue is kicking you out." *Id.* at ¶ 33.  Plaintiff was allegedly
threatened to be arrested by the authorities if he refused to leave.  *Id.*
PageID.123 at ¶ 34.  Plaintiff was ultimately "kicked out of Vice
President Harris' event" at the ROMT despite being invited.  *Id.* at ¶ 37.
He was allegedly "left humiliated, confused, and distressed by the

pretextual reason for his ejection" from a political rally. *Id.* at ¶ 36.
Following the incident, BFPCC issued a statement saying that it
"regrets this action and its impact on Dr. Ghanim and the community,
and he is welcome at future events." *Id.* at ¶ 37.  BFPCC further stated
it values its relationship with the Muslim American community and is
committed to ensuring all community and political spaces are
welcoming and respectful to every American. *Id.* at ¶ 38.  Plaintiff
alleges that he is Muslim, racially Egyptian, and ethnically Arab, and
that he was the only attendee to be removed from the event. *Id.* at ¶ 39.
Plaintiff attached articles sharing his experience with BFPCC and AEG
in various news outlets. *See* Exhibits C, E, G to ECF No. 17.

Plaintiff generally seeks a judgment against Defendants and an
order prohibiting or enjoining Defendants from continuing to
discriminate against individuals on the basis of their race, ethnicity, or
religion.  Plaintiff also seeks monetary damages in the amount
consistent with the damages sustained, plus costs and attorneys' fees
wrongfully incurred to bring this action, in addition to any other
damages, including punitive damages, plus any equitable relief the
court deems just and equitable.

## III.  STANDARD OF REVIEW

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "construe the complaint in the light most favorable to the [nonmoving party] . . . [and] accept all well–pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003).  The complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Moreover, the complaint must "contain[ ] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  A claim has "facial plausibility" when the nonmoving party pleads facts that "allow[ ] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id.* at 678.  The factual allegations "must do more than create speculation or suspicion of a legally cognizable

cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527.

In evaluating the allegations in the complaint, the court must be mindful of its limited task when presented with a motion to dismiss under Rule 12(b)(6).  At the motion to dismiss stage, the court does not consider whether the factual allegations are probably true.  Instead, the court must accept the factual allegations as true, even when skeptical. *See Twombly*, 550 U.S. at 555 (a court must proceed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations").  In assessing the sufficiency of a complaint, the court must determine only whether "'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged." *See United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 574 (M.D. Tenn. 2021) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the four corners

of the pleading at issue.  Fed. R. Civ. P 12(d); *see also Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1139 (W.D. Mich. 2019) (citing *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011)) (noting that "[i]n general, in deciding a Rule 12(b)(6) motion to dismiss the court is limited to considering only the pleadings").  Nonetheless, it is well established that, in some circumstances, a court may consider matters beyond the pleadings without converting the motion to one for summary judgment under Rule 56.  Examples include "any exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).  When a "written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017) (citing *Williams v. CitiMortgage, Inc*., 498 F. App'x. 532, 536 (6th Cir. 2012)).

## IV.   ANALYSIS

Plaintiff is asserting Title II claims against both AEG and
BFPCC.  Title II, however, creates a cause of action for individual
plaintiffs to seek injunctive relief, but not damages.  42 U.S.C. § 2000a–
3(a); *Watson v. Fraternal Ord. of Eagles*, 915 F.2d 235, 241 (6th Cir.
1990) ("Title II only permits the issuance of an injunction and
declaratory relief."); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400,
401–02 (1968) ("A Title II suit is thus private in form only. When a
plaintiff brings an action under that Title, he cannot recover damages.
If he obtains an injunction, he does so not for himself alone but also as a
'private attorney general,' vindicating a policy that Congress considered
of the highest priority.").  As such, the court must address whether
Plaintiff has established standing for injunctive relief before discussing
the merits of Plaintiff's arguments.  *See, e.g., Davis v. Walmart, Inc.*,
No. 1:23-cv-1488, 2024 WL 3071644 at *5 (N.D. Ohio June 20, 2024)
(discussing whether the plaintiff asserting Title II claim against a retail
store established standing for injunctive relief from her single incident
at the store where she was detained and removed by the store's
employees); *James v. American Airlines, Inc.*, 247 F. Supp. 3d 297, 306
(E.D.N.Y. 2017) (discussing whether the plaintiff asserting Title II

claim against an airline company established standing for injunctive relief from a single incident in the company's plane where the flight attendants allegedly engaged in discriminatory conducts).

AEG did not address in its motion whether Plaintiff established standing to assert Title II claim against it; BFPCC did.  ECF No. 18, PageID.201.  However, "[b]ecause standing doctrine comes from Article III's case-or-controversy requirement, it is jurisdictional and must be addressed as a threshold matter if necessary." *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396, 405 (6th Cir. 2019); *see also Loren v. Blue Cross & Blue Shield*, 505 F3d 598, 607 (6th Cir. 2007) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*").  Standing goes to the court's subject matter jurisdiction, and a motion to dismiss on that basis is characterized as one made under Rule 12(b)(1).  *Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 744 (E.D. Mich. 2017).

To establish standing under Article III, a plaintiff must show 1) an injury in fact that is both "concrete and particularized" and "actual or imminent"; (2) that the injury is fairly traceable to the defendant; and (3) that the injury is likely to be redressed if the court grants relief.

For a plaintiff seeking injunctive or declaratory relief, the mere occurrence of past harm will not do. *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983). "When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for pre–enforcement review." *National Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). Threatened injury must be "certainly impending to constitute injury in fact," and "allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). "Past exposure to illegal conduct" will suffice to demonstrate an injury in fact that warrants declaratory or injunctive relief when the past injury is accompanied by "continuing, present adverse effects." *Sullivan v. Benningfield*, 920 F.3d 401, 407–08 (6th Cir. 2019). Accordingly, Plaintiff has the burden of establishing standing; that burden requires a "plaintiff[ ] to clearly allege facts that demonstrate each element of standing." *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 386 (6th Cir. 2020).

"The threat of future harm can satisfy this requirement as long as there is a 'substantial risk' that the harm will occur." *Kanuszewski*, 927

F.3d at 405 (citing *Clapper*, 568 U.S. at 409).  However, "allegations of *possible* future injury" are not sufficient.  *Id.* at 405 (citation omitted).  "A highly attenuated chain of possibilities [ ] does not satisfy the requirement that threatened injury must be certainly impending."  *Id.* at 405–06 (quoting *Clapper*, 568 U.S. at 410).  "Past harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief."  *Id.* at 406; *see also Hange v. City of Mansfield*, 257 F. App'x 887, 891 (6th Cir. 2007) (holding that "the mere subjective fear that a plaintiff will be subjected again to an allegedly illegal action is not sufficient to confer standing"); *Davis,* 2024 WL 3071644 at *5 (holding that the plaintiff's allegation of facing high risk of discrimination at the place of public accommodation was insufficient for establishing standing without alleging a future visit or imminent harm upon return).  And "emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant."  *Lyons*, 461 U.S. at 107–08, n.8.

Plaintiff lacks standing to seek injunctive relief from either AEG or BFPCC.  His complaint revolves around a single instance of past

harm, and does not specifically or plausibly allege that harm is substantially likely to recur either at a venue managed by AEG or at an event run by BFPCC.

Start with AEG. Plaintiff does not allege in his complaint that individuals from AEG have continued to prevent Plaintiff from entering ROMT following the rally, nor that he ever intends to return to ROMT or any property owned/managed by AEG in the future. Besides the single past incident where Plaintiff was asked to leave ROMT, Plaintiff has failed to plausibly allege "a real or immediate threat that [he] will be wronged again." *Lyons*, 461 U.S. at 111; *Bowles v. Whitmer*, 120 F.4th 1304, 1311 (6th Cir. 2024) (plaintiffs must show that they face a potential future harm that is "certainly impending") (quoting *Clapper*, 568 U.S. at 410). Courts in this circuit have routinely dismissed Title II claims under similar circumstances in cases lacking specific allegations of repeated wrongful conduct and likelihood of return. *See Jackson v Walmart, Inc*, No. 1:23-cv-01110, 2024 U.S. Dist. LEXIS 87962 at \*14 (N.D. Ohio May 16, 2024) (collecting cases); *see Fieger v. Mich. Supreme Court*, 553 F.3d 955, 966 (6th Cir. 2009) (quoting *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 833 (6th Cir. 2001)) ("[W]here the threat

of repeated injury is speculative or tenuous, there is no standing to seek injunctive relief.").  His sole statement is that he "reasonably fears" that AEG's allegedly discriminatory practices "may continue in the future[,]" ECF No. 17, PageID.125, is properly considered an unadorned statement of his "subjective fear" of future harm, which is insufficient to confer standing for injunctive relief.  *See Hange*, 257 F. App'x at 891. Absent any allegation of continuous and ongoing discrimination by AEG, or any plausible, specific allegation that he will return to the venue and be subject to similar treatment again, Plaintiff lacks standing to assert his Title II claim against AEG.

Meanwhile, as to BFPCC, his claims of standing face similar hurdles, but with the added overlay that BFPCC a) stated that he was welcome at their future events, negating any plausible inference of "certainly impending" future harm, and b) the 2024 presidential election concluded almost a year ago, and any allegation that Plaintiff is likely to be excluded by the organization d/b/a "Harris for President" is implausible.  For Plaintiff to show a threat of "actual and imminent" injury by BFPCC, he had to show a compelling likelihood that 1) BFPCC would continue its activities, 2) Plaintiff would be re-invited to

BFPCC's events, and 3) BFPCC would treat Plaintiff the same way it allegedly treated him at the rally.  But any allegation that BFPCC is still conducting events or is likely to conduct future events is implausible; the election that BFPCC existed in relation to occurred in 2024 and is over.[1]  In his complaint, Plaintiff makes no allegation that he will return to a BFPCC event, nor that BFPCC is hosting any events whatsoever.  Plaintiff's arguments at the hearing do little to dislodge this conclusion; Plaintiff's theory seems to be that money left over from the campaign (assuming any exists) will be used by some future Democratic presidential campaign structure.  Setting aside the plausibility of that argument, Plaintiff makes no allegations in his amended complaint to that effect, and cannot add that allegation through argument.  *See VCST Int'l B.V. v. Borgwarner Noblesville, LLC*, 142 F.4th 393, 399 (6th Cir. 2025) (courts "must restrict their review to the 'four corners' of the complaint and a limited set of other materials, such as documents that the complaint refers to and depends

---

[1] In his response to *AEG*'s motion, Plaintiff argues that "these '*future events*' are not speculative.  Vice President Harris is widely considered the early Democratic front runner for the 2028 Presidential election, . . . ."  ECF No. 23, PageID.361.  But Plaintiff provides no authority for that proposition, and has not, for example, identified any specific future event scheduled to occur.

on'").  Further, Plaintiff cites BFPCC's own statement in his complaint that "BFPCC issued a statement saying that it "*regrets this action and its impact on Dr. Ghanim and the community, and he is welcome at future events*."  ECF No. 17, PageID.123 (emphasis in complaint).[2] Plaintiff's own allegations refute the inference that a repeat of the alleged past harm is likely, let alone show a "substantial risk" of such harm recurring.  Plaintiff's conclusory statement in his response and complaint that he "reasonably 'fears that Defendant's discriminatory practices may continue in the future'" is insufficient to plausibly allege a "real or immediate threat" that he will be harmed again.  *See* ECF No. 22, PageID.326; ECF No. 17, PageID.127.  Meanwhile, Plaintiff's references to "continuing adverse effects stemming from Defendant's discriminatory conduct" merely establish the "emotional consequences of a prior act," but are "not a sufficient basis for an injunction absent a real and immediate threat of future injury."  *Hange*, 257 F. App'x at 891; *Lyons*, 461 U.S. at 107–08, n.8; ECF No. 22, PageID.326.

---

[2] As BFPCC notes, that statement was issued in October 2024 – while the 2024 presidential election cycle was still ongoing, and says nothing about post-election events.  *See* ECF No. 17-7, PageID.181-182; ECF No. 25, PageID.391 n.1.

Therefore, Plaintiff lacks standing to bring a Title II claim against AEG or BFPCC.  The court recognizes that, accepted as true and drawing all inferences in Plaintiff's favor, he alleges that he was targeted and removed by both Defendants based on his race, which is a serious allegation on the merits regardless of whether his complaint meets the technical requirements of federal pleading standards.  But lacking the threshold showing that the court has jurisdiction to consider his federal claims at all, the court does not reach the merits of his claims or any of the other grounds that Defendants asserted in their motions.  Because Plaintiff lacks standing to assert his only federal claim against BFPCC or AEG, and the court therefore lacks jurisdiction under Rule 12(b)(1), the court must decline to exercise supplemental jurisdiction over his state law claims.  *See Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims."); *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("If the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can *never* exist.").  All claims will be

17

thus dismissed without prejudice. *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.") (citing *Ernst v. Rising,* 427 F.3d 351, 366 (6th Cir. 2005)).

## V.   CONCLUSION

For the reasons above, the court **GRANTS** Defendant AEG's and BFPCC's motions to dismiss as to Counts I and II under Rule 12(b)(1), lacks supplemental jurisdiction over Plaintiff's state law claims (Counts III, IV, and V), and so dismisses all claims **WITHOUT PREJUDICE**. This is a final order that closes the case.  A separate judgment will follow.

**SO ORDERED**.


Date: September 16, 2025                   s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge